UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:13-cr-189-T-33TGW

NELSON ELICIER MILLAN
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Nelson Elicier Millan's Motion to Sever Counts (Doc. # 201), filed on October 22, 2013. The Government filed a response (Doc. # 214) on October 23, 2013. For the reasons that follow, the Court denies the Motion to Sever Counts.

I. **Background**

In the early hours of April 11, 2013, five officers with the Hillsborough County Sheriff's Office, accompanied by deputies from the Hernando County Sheriff's Office, searched Nelson Elicer Millan's home, suspecting his involvement in a drug trafficking operation. (Doc. # 191 at 1-2). They found, among other things, approximately $426,950.00 in cash, a money counter, and a 9 mm Glock handgun with ammunition in Millan's home. (Id. at 2).

The United States filed a criminal complaint against Millan later that day. (Doc. # 1). On April 16, 2013, a grand jury handed down an indictment charging him with conspiracy to possess cocaine with intent to distribute (Count 1), possession of cocaine with intent to distribute (Count 2), possession of a firearm in furtherance of a drug trafficking crime (Count 3), and possession of a firearm by a convicted felon (Count 4). (Doc. # 12). On October 22, 2013, Millan filed this Motion to Sever Counts (Doc. # 201). The Government timely filed its response (Doc. # 214) on October 23, 2013.

## II. **Legal Standard**

Federal Rule of Criminal Procedure 8(a) allows the government to charge a defendant in separate counts with two or more offenses if they are based on the same act or transaction, are of the same or similar character, or are connected with or constitute parts of a common scheme or plan.  Even where a defendant may properly be tried for multiple offenses under Rule 8(a), Rule 14 allows the district court to sever the counts by conducting separate trials if the joinder of offenses appears to prejudice him. Fed. R. Crim. P. 14(a).

If a defendant seeks severance pursuant to Rule 14(a), however, he bears the heavy burden of showing "specific and compelling" prejudice to his defense. See United States v. Schlei, 122 F.3d 944, 983-84 (11th Cir. 1997). It is not enough for the defendant to show that a separate trial on the severed count might offer him a better chance of acquittal. See United States v. Park, 531 F.2d 754, 762 (5th Cir. 1976).[1] The level of prejudice claimed by the party seeking severance must amount to "fundamental unfairness." United States v. Knowles, 66 F.3d 1146, 1158 (11th Cir. 1995) (citations omitted). To justify severance, a defendant must "demonstrate the jury's inability to make an individualized determination" as to each count. See United States v. Diaz, 248 F.3d 1065, 1100-01 (11th Cir. 2001). Additionally, in entertaining a motion for severance, "a district court must balance the right of the defendant to a fair trial against the public's interest in [the] efficient and economic administration of justice." See United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005).

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1207 (11th Cir. 1981).

A district court's denial of a motion to sever is reviewed for abuse of discretion. United States v. Walser, 3 F.3d 380, 385 (11th Cir. 1993). The Eleventh Circuit "will not reverse the denial of a severance motion absent a clear abuse of discretion resulting in compelling prejudice against which the district court could offer no protection." Id.

### III. **Analysis**

Millan does not dispute that the counts in the indictment are properly joined under Rule 8(a). He instead argues that Count 4, possession of a firearm by a convicted felon, should be severed under Rule 14(a) because joinder with Counts 1 through 3 would prejudice him in three ways: (1) by leaving him "embarrassed or confounded in presenting separate defenses to the charges alleged"; (2) by rendering evidence of his previous felony conviction admissible where it would not be otherwise; and (3) by "penaliz[ing him] for relying on the presumption of innocence and his Fifth Amendment right not to testify. . . which would otherwise insure that his prior conviction would not be used against him." (Doc. # 201 at 3).

As to the first argument, such a general, conclusory attempt to demonstrate prejudice is neither sufficiently

specific nor sufficiently compelling to require severance. See United States v. Miller, 255 F.3d 1282, 1289 (11th Cir. 2001) (finding that defendant's "general allegation of some prejudice" did not meet the "heavy burden of demonstrating. . . 'specific and compelling prejudice as a result of the denial or severance.'").

As for Millan's second argument, the Eleventh Circuit has specifically addressed this issue on multiple occasions, finding that severance of a felon-in-possession charge is not required simply because it requires proof of a predicate felony conviction. See, e.g., United States v. Hampton, 484 F. App'x 363, 367-68 (11th Cir. 2012) (finding that severance of a count of possession of a firearm by a convicted felon from drug counts was not merited). In "the absence of circumstances indicating a high likelihood of prejudice, due process does not mandate severance of a charge requiring proof of a prior conviction from the other counts in a criminal indictment." United States v. Jiminez, 983 F.2d 1020, 1022-23 (11th Cir. 1993).

The parties' stipulation that the defendant is, in fact, a convicted felon can sufficiently mitigate any risk of undue prejudice, see Hampton, 484 F. App'x at 367-368, and both parties have demonstrated some degree of

willingness to stipulate to Millan's prior convictions. (Doc. # 201 at 2; Doc. # 214 at 3). Additionally, the issuance of an appropriate limiting instruction by the court can further safeguard a defendant's rights, see Miller, 255 F.3d at 1289, as jurors are presumed to follow the instructions given by the trial judge. United States v. Shenberg, 89 F.3d 1461, 1472 (11th Cir. 1996).

Third, Millan argues that, without the joinder of Count 4, invocation of his right against self incrimination would "insure that his prior conviction could not be used against him." (Doc. # 201 at 3). The Court finds this argument an insufficient basis for granting severance as to Count 4. As stated previously, such protection can be achieved through other means, such as a stipulation between the parties or a limiting instruction. "Where joinder is proper and there has been found no substantial prejudicial effect, the Fifth Amendment is not violated because a defendant must elect to testify as to both charges or to none at all." Alvarez v. Wainwright, 607 F.2d 683, 684 n.2 (5th Cir. 1979). Here, the Court has found that Millan has not demonstrated specific and compelling prejudice. That he may have to contend with unfavorable evidence he would

not have contended with otherwise does not render joinder improper or his rights violated.

Furthermore, the Court must take into consideration the "public's interest in efficient and economic administration of justice." United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005). Holding a separate trial for Millan's felon-in-possession charge undoubtedly cuts against that interest. As Millan has not demonstrated that specific and compelling prejudice will result from joinder, this Court cannot find that such an expenditure of resources is justified.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Nelson Elicier Millan's Motion to Sever Counts (Doc. # 201) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record