UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No. 8:13-cr-189-T-33TGW

NELSON ELICIER MILLAN

_____/

**ORDER**

This matter is before the Court pursuant to Defendant Nelson Millan's Motion in Limine to Exclude Prior Bad Acts, Convictions, and Strike Surplusage from the Indictment (Doc. # 202), filed on October 22, 2013. Also before the Court is the Government's Motion in Limine Regarding Admissibility of Evidence Under Fed. R. Evid. 404(b) (Doc. # 219), filed on October 24, 2013. For the reasons that follow, the Government's Motion in Limine is granted. The Court reserves ruling on Millan's Motion in Limine to the extent it requests modification of the Indictment language. Millan's Motion is otherwise denied.

**I. Background**

In the early hours of April 11, 2013, law enforcement officers searched Millan's home, suspecting his involvement in a drug trafficking operation. (Doc. # 219 at 3). The officers found, among other things, approximately $426,950.00

in cash, a money counter, and a 9mm Glock handgun with ammunition in Millan's home. (Id.).

The United States filed a criminal complaint against Millan later that day. (Doc. # 1). On April 16, 2013, a grand jury handed down an indictment charging Millan with conspiracy to possess cocaine with intent to distribute (Count One), possession of cocaine with intent to distribute (Count Two), possession of a firearm in furtherance of a drug trafficking crime (Count Three), and possession of a firearm by a convicted felon (Count Four). (Doc. # 12). Millan filed the instant Motion in Limine (Doc. # 202) on October 22, 2013, seeking to preclude the Government from introducing at trial evidence of certain prior bad acts and convictions. On October 24, 2013, the Government filed a separate Motion in Limine (Doc. # 219) seeking to introduce evidence of the same prior bad acts and convictions at trial. Both Motions are now ripe for the Court's review.

## II. **Discussion**

Pursuant to Rules "401, 402, 403, and 404" of the Federal Rules of Evidence, Millan seeks to "exclude the introduction of certain evidence during the Government's case in chief, and eliminate surplusage from the indictment." (Doc. # 202 at 1). Specifically, Millan seeks to preclude

2

the Government from introducing at trial evidence of Millan's 2003 convictions for "delivery of cocaine (a second degree felony because the amount was less than 10 grams) and trafficking in less than 200 grams [of cocaine]." (Id. at 3). Additionally, Millan seeks to exclude evidence of "uncharged conduct" relating to Millan's alleged "arranged shipments of kilos of cocaine from Puerto Rico to the Middle District of Florida[ ] via parcel service" in 2011 and 2012. (Id. at 1).

Furthermore, Millan argues that Count Four of the Superseding Indictment, which charges Millan with a violation of 18 U.S.C. § 922(g)(1) for possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, and which specifically lists Millan's 2003 drug offense convictions (Doc. # 75 at 3), "should be changed to read 'having been convicted of a crime punishable by imprisonment for a term exceeding one year,' and delete any reference to the substance of the convictions." (Doc. # 202 at 1).

A. **Prior Convictions**

Millan argues that his 2003 convictions are too dissimilar to the offenses charged in the present case, as the amounts of cocaine involved in the prior convictions "are

far less than the 5 kilograms or more" that Millan currently is accused of distributing and conspiring to distribute. (Id. at 3). Furthermore, Millan contends that "[t]he government can use its other evidence to show Mr. Millan's intent, and his prior convictions are so different and remote that they have overwhelming prejudicial effect and limited probative value." (Id.).

In its Motion in Limine, the Government correctly argues that, while evidence of other crimes is not admissible to demonstrate bad character, such evidence "may be admissible to prove motive, knowledge, intent, or lack of mistake or accident." (Doc. # 219 at 7). Indeed, the Government contends that the proposed evidence is probative of Millan's intent and knowledge regarding the drug charges at issue in this case.

In accordance with Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan,

knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In United States v. Matthews, 431 F.3d 1296, 1310-11, (11th Cir. 2005), the Eleventh Circuit explained the test for admissibility of 404(b) evidence:

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

Specifically applying this framework in the context of a conspiracy charge, the Eleventh Circuit explained that "in every conspiracy case, a not guilty plea renders the defendant's intent a material issue. . . . [S]uch extrinsic evidence as may be probative of a defendant's state of mind is admissible unless the defendant affirmatively takes the issue of intent out of the case." Id. at 1311 (internal quotations omitted). Thus, Millan's plea of not guilty has made his intent a material issue in the present case, just as in Matthews.

The Court determines that Millan's 2003 convictions for trafficking in cocaine and delivery of cocaine are relevant to the intent at issue in the current conspiracy charge. This determination is bolstered by ample Eleventh Circuit

5

precedent. See, e.g., Matthews, 431 F.3d at 1311 ("[I]n this circuit, [the defendant's] 1991 arrest for distribution of cocaine was relevant to the intent at issue in the charged conspiracy to distribute cocaine."); United States v. Cardenas, 895 F.2d 1338, 1344 (11th Cir. 1990) ("Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance, as well as involvement in a conspiracy."); United States v. Butler, 102 F.3d 1191 (11th Cir. 1997) (holding that a conviction for cocaine possession for personal use was relevant and admissible for purposes of demonstrating defendant's intent in the charged conspiracy for possession with intent to distribute); United States v. Green, 40 F.3d 1167, 1174-75 (11th Cir. 1994) ("The challenged act involved the same mental state as the charged crime because both incidents involved possession of the same illicit drug, cocaine. . . . The district court properly admitted similar act evidence of the prior arrest for possession of a distributable quantity of cocaine base to establish intent where [the defendant] pleaded not guilty. . . .").

Furthermore, the Court finds that Millan's 2003 convictions are not too temporally remote to be probative, as Millan claims. (Doc. # 231 at 1). A district court has

"broad discretion in determining if an extrinsic offense is too remote to be probative." Matthews, 431 F.3d at 1311 (internal quotations omitted). The Eleventh Circuit "has refrained from adopting a bright-line rule with respect to temporal proximity because decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." Id. The Matthews court cited United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995), to illustrate that the court has previously upheld the admission of fifteen-year-old prior acts. 431 F.3d at 1312. Additionally, in United States v. Garcia-Gutierrez, 438 F. App'x 762 (11th Cir. 2001), the Eleventh Circuit found that a district court did not abuse its discretion by admitting evidence of the defendant's prior drug convictions, even though those convictions were over sixteen years old at the time of trial.

Although Millan's prior convictions are ten years old, they are similar to the charged offenses and are relevant to the issue of intent. Because the extrinsic acts in question are convictions, the Government's introduction of certified copies of these convictions at trial will satisfy the Rule 404(b) requirement that the act be established by sufficient proof to permit a jury finding that the defendant committed

the extrinsic act.  See United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003).  Accordingly, because Millan contests the issue of intent, because the relevant convictions constitute acts very similar to the drug offenses charged, and because the Court finds that the convictions are not too temporally remote to be probative, the Court determines that the overall probative value of the convictions outweighs their prejudicial effect.  Millan's Motion in Limine is thus denied and the Government's Motion granted as to the 2003 convictions.

B. **Prior Bad Acts**

In addition to Millan's 2003 convictions for trafficking in cocaine and delivery of cocaine, the Government moves to admit in its case in chief evidence of Millan's "cocaine trafficking activities and firearm possession from 2011 through 2012, in the form of testimony by Luis Colon Santiago."  (Doc. # 219 at 6-7).  The Government explains that Santiago will testify that, on several occasions spanning from the summer of 2011 to March of 2012, Millan paid Santiago to receive parcels containing cocaine from Puerto Rico on Millan's behalf.  (Id. at 5).  Santiago claims that Millan additionally gave "Santiago cutting materials, scales, and a cocaine press, so that he could sell cocaine on

8

the side," and that Millan stored an AK-47 firearm at Santiago's residence because he "did not want to be caught with it by the police." (Id.).

The Government argues that, like Millan's 2003 convictions for drug offenses, Santiago's testimonial evidence is relevant to and probative of Millan's intent and knowledge regarding the charges in the instant case, and thus that this evidence is admissible under Rule 404(b). Millan argues, however, that this alleged behavior is not similar to the crimes charged in the present case, because "there is no parcel coming from Puerto Rico as is the case in the 2011-2012 [alleged activity]." (Doc. # 231 at 10). Additionally, Millan contends that introducing evidence of the 2011-2012 activities would merely "poison the jury with prior acts that would only show bad character." (Id.).

Furthermore, Millan argues that, if Santiago is permitted to testify as to the 2011-2012 drug trafficking activities and gun possession at trial, "Defendant will actually be obligated to conduct two trials[,] [o]ne against the indictment in this case and a second trial against this 2011-2012 conduct for which the Defendant has been provided little discovery." (Id. at 9). Millan also challenges that

9

the Government "does not have sufficient proof that the Defendant committed the 2011-2012 prior act[s]." (Id. at 8).

As explained above, the test for admitting evidence of a defendant's prior bad acts under Rule 404(b) contains three factors: (1) the evidence must be relevant to an issue other than the defendant's character, (2) there must be sufficient proof to support a jury finding that the defendant committed the extrinsic act, and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice. See Jernigan, 341 F.3d at 1280.

Again, the Court finds that each element is satisfied here. Like the 2003 convictions, evidence of Millan's 2011-2012 drug trafficking activity is relevant to the issue of Millan's intent with regard to the drug offenses as well as the firearm possession charged in this case. Secondly, although Millan argues that "[t]he jury will have a very hard time determining that there is sufficient evidence that the Defendant committed th[ese] extrinsic act[s]" (Doc. # 231 at 9), the issue of whether Santiago's testimony constitutes sufficient proof to support a jury finding that the defendant committed the extrinsic acts is not a question for the jury; rather, it is the duty of the Court to determine this admissibility factor in the context of Rule 404(b). To the

extent that Millan challenges Santiago's credibility, Millan will have the opportunity to cross-examine this witness at trial.

Finally, after careful consideration of the Motions in Limine, the responses, and the record before the Court, the Court finds that Santiago's testimony and any accompanying evidence as to the 2011-2012 activities possesses probative value that is not substantially outweighed by its undue prejudice.  Evidence of Millan's relatively recent drug trafficking activity and firearm possession is probative with regard to the specific offenses charged in this case.

As for Millan's argument that admitting this evidence will result in a "trial within a trial" and lead to juror confusion (Doc. # 231 at 9), the Court disagrees.  The Government explains that the risk of confusion is minimal, as "the proposed Rule 404(b) evidence consists of one witness's testimony and some photographs.  The jury will not be subjected to a parade of witnesses discussing these prior incidents."  (Doc. # 234 at 5).  Additionally, with regard to Millan's argument that "the Defendant has been provided limited discovery" on this matter (Doc. # 231 at 9), the Government explains that the Defendant "has been aware [of] the United States' intent to introduce this evidence at trial

since the inception of the case," and that "the Defendant has had, and still has, more than ample opportunity to review" the meager discovery related to the 2011-2012 prior acts. (Doc. # 234 at 1, 3).

The Court thus finds that the probative value of this evidence is not substantially outweighed by its undue prejudice, and that introduction of this evidence otherwise meets the requirements of Rule 403. Accordingly, Millan's Motion in Limine is denied and the Government's Motion is granted as to the evidence of Millan's alleged 2011-2012 prior bad acts.

### C. Indictment Language

In addition to Millan's Motion in Limine, Millan has filed a separate motion entitled "Motion to Strike Surplusage in Indictment." (Doc. # 235). At this juncture, the Court reserves ruling on Millan's Motion in Limine to the extent it requests modification of the Indictment language.

### III. Conclusion

The Court determines that the relevant evidence of Millan's prior conduct, including (1) Millan's 2003 convictions for trafficking in cocaine and delivery of cocaine and (2) Millan's 2011-2012 cocaine trafficking activities and firearm possession, is admissible under

Federal Rules of Evidence 403 and 404(b). Accordingly, the Court grants the Government's Motion in Limine (Doc. # 219). The Court reserves ruling on Millan's Motion in Limine (Doc. # 202) to the extent it requests modification of the Indictment language. Millan's Motion is otherwise denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Court reserves ruling on Millan's Motion in Limine to Exclude Prior Bad Acts, Convictions, and Strike Surplusage from the Indictment (Doc. # 202) to the extent it requests modification of the Indictment language. The Motion is otherwise **DENIED.**

(2) The Government's Motion in Limine Regarding Admissibility of Evidence Under Fed. R. Evid. 404(b) (Doc. # 219) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of November, 2013.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record